# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of John Brooks Reitzel, Jr., Respondent.

Appellate Case No. 2014-002700

Opinion No. 27495
Submitted February 3, 2015 – Filed February 11, 2015

## DISCIPLINE IMPOSED

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

John Brooks Reitzel, Jr., of High Point, North Carolina, pro se.

**PER CURIAM:**    In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to the imposition of a bar to admission of any kind in South Carolina for a definite or indefinite period of time to be determined by the Court.  Further, respondent consents to the imposition of a bar to advertising and solicitation directed to South Carolina residents or entities and a bar to advertising and solicitation for any legal matters in South Carolina, both for a definite or indefinite period of time to be determined by the Court.  We accept the Agreement and permanently debar respondent from seeking any form of admission to practice law in this state (including *pro hac vice* admission) without first obtaining an order from this Court allowing him to seek admission.  Further, we prohibit respondent from any

advertising or solicitation in South Carolina whether in general or directed to residents or entities in South Carolina without first obtaining an order from this Court allowing him to advertise or solicit business in this state. The facts, as set forth in the Agreement, are as follows.

## Facts

Respondent is licensed to practice law and is in good standing in North Carolina. He is not, and has never been, licensed to practice law in South Carolina.

On August 10, 2011, respondent filed an answer on behalf of defendants in a foreclosure action pending in Charleston County, South Carolina, involving property located in South Carolina. Default was subsequently entered against the defendants in the matter. On November 1, 2011, respondent sent a letter opposing the default order to the presiding judge on behalf of the defendants.

At the time respondent filed the answer in the foreclosure matter, he had not applied for *pro hac vice* status in the matter, he was not admitted *pro hac vice* in the matter, and he was not otherwise permitted to make an appearance in court in South Carolina. Further, respondent's actions in representing the defendants in the foreclosure matter were not undertaken in association with an attorney admitted to practice law in South Carolina.

On November 3, 2011, counsel for the plaintiff wrote to respondent asking for verification that he was eligible to appear in court in South Carolina. Respondent responded with a letter dated November 8, 2011, acknowledging that he was not licensed to practice law in South Carolina, but stating that he "frequently practice[s] in South Carolina civil matters … involving foreclosure proceedings and deficiency claims." He further stated that, prior to counsel's letter, he had "received no objection from counsel for secured creditors or substitute trustees in such proceedings."

Respondent admits that, in the past, he has assisted other clients in preparing and filing responses in foreclosure and similar matters in South Carolina without association of local counsel and without seeking *pro hac vice* admission. Respondent represents that, in the future, he will comply with South Carolina rules and regulations regarding the practice of law.

## Law

Respondent admits the Commission on Lawyer Conduct (the Commission) and this Court have jurisdiction over all allegations that a lawyer has committed misconduct. The term "lawyer" includes "a lawyer not admitted in this jurisdiction if the lawyer provides or offers to provide any legal services in this jurisdiction…." Rule 2(q), RLDE.

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 5.5(b) (lawyer not admitted in this jurisdiction may not establish systematic and continuous presence in this jurisdiction for practice of law or hold out to the public or otherwise represent that the lawyer is admitted to practice law in this jurisdiction); Rule 5.5(c) (lawyer not admitted in this jurisdiction may not provide legal services on temporary basis unless practice complies with Rule 5.5(c), RPC); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice).[1]

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## Conclusion

We accept the Agreement and permanently debar respondent from seeking any form of admission to practice law in this state (including *pro hac vice* admission) without first obtaining an order from this Court allowing him to seek admission.[2]

---

[1] The Rules of Professional Conduct, Rule 407, SCACR, are applicable as respondent's misconduct occurred in connection with matters pending before a tribunal in South Carolina. See Rule 8.5(b), RPC (addressing choice of law for disciplinary matters).

[2] The North Carolina State Bar's website, www.ncbar.gov, provides links to four orders imposing discipline upon respondent. According to these orders, respondent's disciplinary history in North Carolina includes a two year suspension stayed upon compliance with certain conditions issued in 1997, a reprimand issued in 1998, a three year suspension stayed upon compliance with certain conditions issued in 2000, and a reprimand issued in 2008.

Further, we prohibit respondent from any advertising or solicitation in South Carolina whether in general or directed to residents or entities in South Carolina without first obtaining an order from this Court allowing him to advertise or solicit business in this state.

**DISCIPLINE IMPOSED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**